UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DANIEL GAFFNEY,

                        Plaintiff,

                                                          **MEMORANDUM & ORDER**
                v.                                         10 CV 1192 (MKB)

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, JAMES PISCOPO,
LLOYD GREGORY, LT. MICHAEL
HOTALING, and JOHN AND JANE
DOE 1 THROUGH 10, individually and in their
official capacities,

                        Defendants.

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      Plaintiff Daniel Gaffney brings the above-captioned action pursuant to 42 U.S.C. § 1983 against the City of New York, New York City Police Department, and Police Officers James Piscopo, Lloyd Gregory, Michael Hotaling and John and Jane Doe 1 through 10.  Plaintiff alleges that his rights under the Fourth and Fourteenth Amendments were violated when Defendants caused or failed to prevent the use of excessive force on Plaintiff.

      A jury trial was held on January 30 and 31, 2012 before Judge Townes.[1]  During the course of Defendants' cross-examination of Plaintiff, defense counsel asked Plaintiff certain questions regarding a subsequent arrest that directly violated a prior ruling by Judge Townes.  *Id.* at 310–11.  Plaintiff's counsel objected to the questioning and Judge Townes sustained the objection.  *Id.* at 311.  At the conclusion of Plaintiff's testimony, Plaintiff rested his case.  *Id.* at 314.  Outside the presence of the jury, Plaintiff once again voiced his objection to the

---

[1] This action was reassigned to the undersigned on March 28, 2012.

questioning by defense counsel. *Id.* at 314–15. Judge Townes noted Plaintiff's objection but took no further action. *Id.* at 315. Defendants then moved for a judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure, dismissing Plaintiff's *Monell* claim as well as his claims against Defendants Lloyd Gregory and James Piscopo. *Id.* at 316–18. Judge Townes granted Defendants' motion. *Id.* Defendants then rested their case. *Id.* at 320–21. When court reconvened the next day, Judge Townes stated that, after reviewing the trial transcript, she found that defense counsel violated her order with regard to the questioning of Plaintiff. *Id.* at 331. After a discussion with the parties, Judge Townes granted Plaintiff's motion for a mistrial. *Id.* at 355. A new trial was scheduled for Plaintiff's remaining claims, and a judgment was entered in favor of Defendants City of New York, Gregory and Piscopo.

Defendants then moved for costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. (Docket No. 41, Def. Bill of Costs.) Defendants sought $2,886.50 but the Clerk of Court only awarded $215.80. (Apr. 5, 2012, Costs Taxed.) The Clerk did not allow costs for the daily transcripts, citing the "short length of trial and small number of witnesses." *Id.* Defendants now appeal the Clerk of Court's award.

"A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (internal citations, quotation marks and alterations omitted). Under Rule 54, an award of costs against the losing party is the "normal rule," and "the losing party has the burden to show that costs should not be imposed." *Whitfield*, 241 F.3d at 270. A court in its discretion may deny costs because of, among other things, "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* Where a prevailing party is denied costs, the court "must articulate its reasons for doing so." *Id.*

Defendants argue that the Clerk of Court erred in failing to award costs for the daily transcripts. Defendants claim that "nowhere in the Civil Rules, the Local Rules or case law is there any basis for limiting costs due to the length of trial and the number of witnesses." (Def. Appeal Mem. 3.) To the contrary, courts have routinely found that the cost of transcripts is not taxable where, as is the case here, the trial is "neither long nor complicated." *Williams v. Colatosi*, No. 97 Civ. 417, 2001 WL 913922, at *3 (S.D.N.Y. Aug. 13, 2001); *see also Karmel v. City of New York*, No. 00 Civ. 9063, 2008 WL 216929, at *3 (E.D.N.Y. Jan. 9, 2008) (denying the defendants request for daily transcript costs where the trial "was not overly long or complicated"); *Malloy v. City of New York*, No. 98 Civ. 5823, 2000 WL 863464, at *1 (E.D.N.Y. June 23, 2000) ("The daily transcript ordered here . . . was a convenience rather than a necessity. . . . The trial was neither long nor complicated." (internal citations and quotation marks omitted)). Only transcripts that were "'necessarily obtained' are taxable under Rule 54(d)(1) and Local Civil Rule 54.1." *Karmel*, 2008 WL 216929, at *3 (*quoting Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006); *see also* Local Rule 54.1(c)(1) ("The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient."). Here, the Court assumes that the transcripts were "necessarily obtained" because Judge Townes directed Defendants to purchase them.

Still, Plaintiff argues that an award of transcript costs is not appropriate because defense counsel's violation of Judge Town's order caused the mistrial. (Pl. Aff. Opp'n ¶ 5.) Defendants claim that the mistrial has no bearing on the prevailing defendants' request for costs. Although the mistrial did not affect the judgment entered in favor of the prevailing defendants, the practical consequence of defense counsel's conduct is that the case will have to be retried.

Defendants should not be permitted to recover costs for transcripts of a trial that will have to be retried because their counsel violated a court order. Furthermore, Defendants seek transcript costs not only for the two days of trial but also for the conference held on February 1, 2012, after the prevailing defendants had been dismissed, when Judge Townes heard argument and ultimately granted Plaintiff's motion for a mistrial. (Docket No. 41, Bill of Costs Ex. E.) In light of defense counsel's conduct in causing the mistrial and the fact that Plaintiff's remaining claims were brought in good faith and would have been submitted to the jury but for the mistrial, the Court finds in its discretion that the equitable considerations warrant the denial of transcript costs. *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 174 (E.D.N.Y. 2010) (the court has the discretion to deny costs that are otherwise properly taxable if equitable considerations, such as misconduct by the prevailing party, warrant such a result); *see also Shervington v. Village of Piermont*, No. 09 Civ. 4273, 2012 WL 2574744, at *3 (S.D.N.Y. July 3, 2012) (denying the defendants' motion for costs where "the victory of the prevailing party . . . was only a partial one.").

      For the foregoing reasons, the Court finds that Defendants should not be awarded costs for the transcripts and that the Clerk of Court's award of costs in the amount of $215.80 is appropriate. Defendants' appeal of the Clerk of Court's award is therefore denied.

SO ORDERED:

          s/MKB

MARGO K. BRODIE  
United States District Judge

Dated: July 13, 2012  
      Brooklyn, NY