UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DANIEL GAFFNEY,

                       Plaintiff,

                v.

THE CITY OF NEW YORK and
MICHAEL HOTALING,

                       Defendants.

**MEMORANDUM & ORDER**
10 CV 1192 (MKB)

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

       Plaintiff Daniel Gaffney filed the above-captioned action against the City of New York (the "City"), James Piscopo, Lloyd Gregory and Michael Hotaling for claims of excessive force under 42 U.S.C. § 1983 and various state law claims. On January 30 and 31, 2012, a jury trial was held before Judge Townes.[1] At the close of Plaintiff's case, Judge Townes dismissed Plaintiff's claims against Defendants Piscopo and Hotaling as well as Plaintiff's *Monell* claim. As a result of certain questions asked by defense counsel during the cross-examination of Plaintiff, Plaintiff moved for and was granted a mistrial. A new trial is scheduled to begin on September 10, 2012. On September 5, 2012, the Court held a final pre-trial conference. At the conference, Defendants argued that the City is no longer a party to this action and Plaintiff's only remaining claims are against Defendant Hotaling. Plaintiff argued, and Defendants agreed, that the only claim against the City that Judge Townes dismissed during the first trial was the *Monell* claim. Plaintiff's state law assault and battery claim brought against the City under a theory of *respondeat superior* liability was never dismissed. Defendants now move to dismiss this claim.

---

[1] This case was transferred to the undersigned on March 28, 2012.

Plaintiff timely filed a notice of claim against the City and the New York City Police Department, stating claims for false arrest, excessive force and assault and battery. (Def. Mot. *Limine* Ex. B ("Notice of Claim").) Defendants argue that because Plaintiff did not specifically invoke *respondeat superior* liability, Plaintiff's claim for assault and battery against the City must be dismissed.[2] (Def. Mot. *Limine* Mem. 18–19.) "Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality . . . for damages sustained by reason of the negligence or wrongful act of the municipality or its officers, agents or employees." *Ferlito v. County of Suffolk*, No. 06 Civ. 5708, 2007 WL 4180670, at *3 (E.D.N.Y. Nov. 19, 2007). In determining the sufficiency of a notice of claim, "the relevant inquiry is 'whether it includes information sufficient to enable the [municipality] to investigate the claim.'" *Cunninham v. New York City*, No. 04 Civ. 10232, 2008 WL 1944696, at *2 (S.D.N.Y. May 1, 2008) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981)).

Courts have repeatedly held that where a plaintiff files a notice of claim against the City, the plaintiff does not need to include the specific words "*respondeat superior*" so long as the notice of claim "gives the city enough information to investigate the incident at issue." *Id.* at *2; *see also Hargroves v. City of New York*, 694 F. Supp. 2d 198, 218 (E.D.N.Y. 2010) ("[W]hile Defendants claim that the notices fail to notify the City that the Plaintiffs intend to proceed against the City on a *respondeat superior* theory of liability, . . . this argument must be rejected. Simply filing the notices of claim evinces such an intent, and the Defendants have offered no case that held differently."), *reversed on other grounds by* 411 Fed. App'x 378 (2d Cir. 2011). Plaintiff's notice of claim provided the City with ample information to investigate the incident at issue, including the date, location and relevant facts underlying the claim. Accordingly, the

---

[2] Defendants initially raised this argument in a motion *in limine* prior to the first trial. Judge Townes did not rule on this issue, and Defendants now renew their motion.

Court finds that the notice of claim was sufficient, and Defendants' motion to dismiss Plaintiff's assault and battery claim against the City is denied.

SO ORDERED:

_____s/MKB_____

MARGO K. BRODIE
United States District Judge

Dated: September 7, 2012
       Brooklyn, New York